**19 MAG 11811**

**ORIGINAL**

Approved:  _____
           Peter J. Davis
           Assistant United States Attorney

Before:    HON. KEVIN NATHANIEL FOX
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :     **COMPLAINT**
                                 :
        - v. -                   :     Violation of
                                 :     21 U.S.C. §§ 812, 841,
JUAN PABLO DUARTE,               :     846
                                 :
           Defendant.            :     COUNTIES OF OFFENSE:
                                 :     BRONX, WESTCHESTER
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JOHN L. DIBURRO, being duly sworn, deposes and says
that he is a Special Agent with the Drug Enforcement
Administration ("DEA") and charges as follows:

                          COUNT ONE
                   (Narcotics Conspiracy)

        1.   On or about December 17, 2019, in the Southern
District of New York and elsewhere, JUAN PABLO DUARTE, the
defendant, and others known and unknown, intentionally and
knowingly, did combine, conspire, confederate, and agree
together and with each other to violate the narcotics laws of
the United States.

        2.   It was a part and an object of the conspiracy
that JUAN PABLO DUARTE, the defendant, and others known and
unknown, would and did distribute and possess with the intent to
distribute controlled substances, in violation of 21 U.S.C.
§ 841(a)(1).

        3.   The controlled substances that JUAN PABLO DUARTE,
the defendant, conspired to distribute and possess with the
intent to distribute were (i) one kilogram and more of mixtures
and substances containing a detectable amount of heroin, and
(ii) 400 grams and more of mixtures and substance containing a

2

detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

COUNT TWO
(Possession with Intent to Distribute Narcotics)

4.    On or about December 17, 2019, in the Southern District of New York and elsewhere, JUAN PABLO DUARTE, the defendant, intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

5.    The controlled substances involved in the offense were (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin and (ii) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code 841(b)(1)(A).

(Title 21, United States Code, Sections
812, 841(a)(1), 841(b)(1)(A).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

6.    I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, and my review of documents as well as my conversations with law enforcement agents and witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7.    Based on my participation in this investigation, my review of law enforcement reports and records, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a.    On or about December 17, 2019, I and other law enforcement officers (the "Officers") observed a particular automobile ("Automobile-1") driving in Yonkers, New York.

                b.      The Officers observed Automobile-1 fail to
signal before making a turn, which is a violation of New York
State law.

                c.      Based on their observations of the traffic
infraction described above, certain of the Officers conducted a
traffic stop of Automobile-1.  The driver and sole occupant of
Automobile-1 was later identified as JUAN PABLO DUARTE, the
defendant.

                d.      Certain of the Officers approached
Automobile-1 and asked DUARTE for his driver's license and
registration.  DUARTE was asked why he did not use his turn
signal, and DUARTE responded, in substance, that he was on the
phone.

                e.      Certain of the Officers observed DUARTE's
demeanor, which appeared nervous.  DUARTE was asked to step out
of Automobile-1, which he did.  Certain of the Officers then
asked DUARTE, in substance, where he was driving from, and
DUARTE provided conflicting answers.  Certain of the Officers
then asked DUARTE, in substance, if there was anything in
Automobile-1 that law enforcement should be worried about.
DUARTE responded, in substance, that there was not anything for
the Officers to be worried about.  Certain Officers then asked
DUARTE if the Officers could search Automobile-1.  DUARTE orally
provided the Officers consent to search Automobile-1.

                f.      The Officers conducted a search of
Automobile-1 and observed a green plastic bag (the "Green Bag")
in the floor of the backseat of Automobile-1.  Officers also
observed an empty shoebox inside the Green Bag.

                g.      A law enforcement officer who is a certified
narcotics detection canine handler ("Officer-1") exposed his
trained canine ("Canine-1") to Automobile-1.[1]  Canine-1 reacted,

_____

                [1] Based on my review of documents and conversations with
other law enforcement officers, I have learned, in substance and
in part, the following regarding Canine-1.  Canine-1 was first
certified as a narcotics detection canine after completing
certification in June 2018.  Canine-1 was certified to detect
the odors of marijuana, cocaine, heroin, ecstasy,
methamphetamines, and their derivatives.  Canine-1 has received
training and is used regularly by law enforcement for the
purpose of detecting narcotic odors, and Canine-1 is trained to
alert after detecting the scent of narcotics.  Canine-1 was last
certified in January 2019.  Canine-1 has successfully given

indicating the presence of narcotics, on the rear passenger door of Automobile-1, the Green Bag, and the rear passenger seat of Automobile-1.

h.     An Officer then raised up the back car seat of Automobile-1 and found three brick-shaped objects ("Brick-1," "Brick-2," and "Brick-3"), which, based on the Officers' training and experience, appeared to be narcotics.  The Officers placed DUARTE in handcuffs.  The Officers then advised DUARTE of his *Miranda* rights.  DUARTE invoked his right to counsel.  The Officers then transported DUARTE to a DEA headquarters for processing.

i.     While there, DUARTE asked if he could speak to law enforcement.  Law enforcement again advised DUARTE of his *Miranda* rights and DUARTE signed a written waiver of his *Miranda* rights and agreed to talk to the Officers.  DUARTE told the Officers the following, in substance and in part:

> i. DUARTE received a phone call from a member of a drug trafficking organization ("CC-1").
>
> ii. CC-1 told DUARTE to pick up "three pieces," which DUARTE explained meant three kilograms of narcotics that DUARTE believed were heroin and fentanyl, and deliver them to Yonkers, New York.
>
> iii. DUARTE picked up the narcotics today from a location in the Bronx, New York.
>
> iv. DUARTE has picked up narcotics two other times for this drug trafficking organization.  In total, DUARTE transported 3 kilograms of fentanyl and 3 kilograms of heroin on those two other occasions.
>
> v. DUARTE has picked up narcotics proceeds on approximately five occasions.

8.     Based on my conversations with other law enforcement officers, and my review of reports and records, I have learned, in substance and in part, that:

---

positive indications of narcotics in the field in the past and has proven reliable.

5

          a.    Brick-1 weighed approximately 1.078 kilograms and field tested positive for the presence of heroin.

          b.    Brick-2 weighed approximately 1.061 kilograms and field tested positive for the presence of heroin.

          c.    Brick-3 weighed approximately 1.083 kilograms and field tested positive for the presence of fentanyl.

       WHEREFORE, deponent respectfully requests that JUAN PABLO DUARTE, the defendant, be imprisoned or bailed, as the case may be.

                      JOHN L. DIBURRO
                      Special Agent
                      Drug Enforcement Administration

Sworn to before me this
18th day of December, 2019

THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK